IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. B-03-090-S1 |
| | § | |
| | § | |
| JOSE LUIS BETANCOURT | § | |

### ORDER & OPINION

BE IT REMEMBERED that on December 8, 2005, the Court **GRANTED** the United States of America's (Internal Revenue Service) Motion for Summary Judgment [Dkt. No. 222] and **DENIED** the Defendant's Motion for Summary Judgment [Dkt. No. 223].

These motions present competing claims for $150,000 deposited in the Court's registry. The Government contends a federal tax lien exists and thus, takes priority over all other potential claims to the funds. The Defendant contends that attorney Baltazar Salazar's representation of Betancourt in the procuring of the settlement agreement which created the fund led to an attorney's lien on the entire amount.

### Procedural and Factual Background

Jose Luis Betancourt was convicted of possession with intent to distribute more than five hundred grams of cocaine and conspiracy to possess more than five kilograms of cocaine. As a result of this conviction, Betancourt forfeited his interest in Texas lottery proceeds from a winning ticket he purchased with Guadalupe Rosales. The Court ruled that Rosales had a fifty percent interest in the winnings. Betancourt retained tax liabilities for 2002 and 2003. Following Betancourt's conviction, he filed for appeal, and the Court stayed the forfeiture disbursement during the appeal. Rosales entered into an agreement with Betancourt, in accordance with Federal Rules of

1

Criminal Procedure 32.2(d), to expedite the release of funds from the Government to Rosales. On September 27, 2004, Betancourt filed a written Consent to Transfer Funds [Dkt. No. 192]. In an agreement, Betancourt consented to the release of funds in exchange for a payment of $150,000 from Rosales' portion of the winnings. The Government learned of this confidential settlement agreement between Rosales and Betancourt in February 2005 [Dkt. No. 207].

On March 29, 2005, the Court ordered Rosales, upon receipt of funds from the Government, to transfer $150,000 to Betancourt through his counsel. The Court also ordered Betancourt's counsel, Baltazar Salazar, to deposit $76,000 in the Court's registry upon receipt. The Government transferred the funds to Rosales's counsel on April 14, 2005. On the same day, the Internal Revenue Service served Rosales' attorney a Notice of Levy based on Betancourt's tax liabilities. On May 16, 2005, the Court ordered $150,000 be deposited in the Court's registry so that parties could file competing claims to the funds. Though the Court ordered the funds to be transferred to Betancourt's counsel upon receipt, Salazar never was in possession of any of these funds because the IRS Notice of Levy was served before the transfer from Rosales' counsel to Betancourt's counsel took place.

The parties filed the United States of America's (Internal Revenue Service) Motion for Summary Judgment [Dkt. No. 222] and Defendant's Motion for Summary Judgment [Dkt. No. 223]. The Court now considers these motions.

### Standard for Summary Judgment

Summary judgment is proper when viewing the evidence in the light most favorable to the non-movant, "there is not genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56. If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2522 (1986). The nonmovant cannot

satisfy his summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. *Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1991).

## Federal Tax Liens

If any person liable to pay any tax neglects or refuses to pay, the amount shall be a lien in favor of the United States upon all property and rights to property belonging to such person. 26 U.S.C. § 6321. A federal tax lien arises upon assessment of the tax, and thus does not impose any filing requirement. *Hussain v. Boston Old Colony Ins.*, 311 F.3d 623 (5th Cir. 2002)(*citing United States v. McDermott*, 507 U.S., 447 (1993)). The lien imposed shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable. 26 U.S.C. § 6322.

## Federal Tax Lien on Betancourt's Property

Neither party disputes the existence of a federal tax lien on any property or right to property belonging to Betancourt. Betancourt failed to pay adequate federal income taxes for the tax periods ending 2002 and 2003, according to the Internal Revenue Service [hereinafter "IRS"]. As of July 13, 2005, Betancourt owed $35,203.69 and $1,791,935.32 to the United States for the tax periods ending December 2002 and 2003, respectively [Dkt. No. 222, Ex.1]. However, neither party has presented evidence of the date on which the IRS assessed the tax. While a federal tax lien may exist prior to the filing of a Notice of Lien, the lien arises upon the dates of the assessment of the tax in compliance with 26 U.S.C. § 6322. The IRS recorded federal tax liens in Edgefield County, South Carolina, where Betancourt is incarcerated, on

May 12, 2005 for a total of $1,769,944.55 and in Cameron County, Texas on May 24, 2005 for the same total [Dkt. No. 222, Ex. 2, 3]. These Notices of Lien represent the earliest record before the Court of Betancourt's tax liabilities. Therefore, based on the evidence before it, the Court concludes that the taxes were assessed and the liens came into existence on May 12, 2005.

The IRS filed a Notice of Levy with Reynaldo Merino, counsel for Rosales, for $1,769,944.55 on April 14, 2005, the date of the Government's disbursement of the lottery funds to Rosales [Dkt. No. 222, Ex. 4]. The IRS claims the entire $150,000 in partial satisfaction of the federal tax liens. However, Baltazar Salazar claims the same amount as reasonable compensation for his representation of Betancourt in the procuring of the settlement resulting in the $150,000 payment.

## Attorney's Lien Under Texas Law

In order to apply a superpriority against a federal tax lien, an attorney must hold a lien upon or a contract enforceable against the judgment or amount under local law. 28 U.S.C. § 6323(b)(8). State law controls in determining the nature of the legal interest, while federal law controls the consequences attaching to the legal interest. *United States v. Hubbell*, 323 F.2d 197, 200 (5th Cir. 1963). Therefore, the Court looks to Texas law to determine whether an attorney holds a lien for fees against a judgment or settlement amount. Under Texas law, a contractual agreement may lead to a lien for attorney's fees or the possession by an attorney of a client's property may lead to a possessory lien for fees.

Some states have statutes establishing attorney's liens against a client's judgment or settlement amount. *Strickland v. Sellers*, 78 F. Supp. 274, 278 (N.D. Tex. 1948)(noting that while attorneys in New York are "armed with a very strong charging lien by statute," attorneys in Texas have access to no similar statute). Texas law does not provide for statutory liens by attorneys on sums recovered by a client. *Johnson v. Stephens Development Corp.*, 538 F.2d 664, 65 (5th Cir. 1976). Therefore, a Texas attorney may not look to statute to establish a general right to fees based on a judgment or settlement amount.

4

In Texas, an attorney may hold a lien for fees based on possession of the client's papers, documents, or money collected for the client. *Casey v. March*, 1867 WL 4579 *1 (Tex. 1867). A Texas lawyer may assert a common law lien over a client's property in the possession of the attorney. *Thomson v. Findlater Hardware Co.*, 156 S.W. 301 (Tex. Civ. App. –Austin 1913) *rev'd on other grounds*, 109 Tex. 235, 237 (Tex. 1918). However, such a lien does not extend to money before it is collected by the attorney. *Casey*, 1867 WL 4579 *1. A Texas attorney only has a lien over money collected for his client and in his possession. *Tarrant County Hosp. Dist. v. Jones*, 664 S.W.2d 191, 196 (Tex. App.– Fort Worth 1984). A possessory lien requires both actual possession by the attorney and that the property come into the attorney's possession "in his character as an attorney." *Thomson*, 109 Tex. at 237.

Under Texas law, a contract may establish an attorney's lien for money received in judgment or settlement of a matter. *Id.* Absent a special contract, a lawyer does not have a lien for attorney's fees. *Strickland*, 78 F. Supp. at 277.

Finally, some states including Mississippi and Florida permit liens in equity for attorney's fees. *See United States v. 717.42 Acres of Land*, 955 F.2d 376 (5th Cir. 1992); *Broughten v. Voss*, 634 F.2d 880 (5th Cir. 1981). New Mexico law provides for both a statutory attorney's lien and an equitable charging lien. *In re Jim-O-Lette, Inc.*, 140 B.R. 874 (Bankr. N.D. Tex. 1992). However, such a lien is not available in Texas; a Texas attorney must have either a contract specifying a lien or possession of the client's property in order to hold a lien for fees. *Strickland*, 78 F. Supp. at 278.

### Claim for Attorney's Fees

Both parties acknowledge that Betancourt's counsel may have a claim for attorney's fees under the Federal Tax Lien Act of 1966. 26 U.S.C. § 6321-6326. Baltazar Salazar claims the $150,000 in the court's registry as reasonable attorney's fees for his representation of Betancourt in the criminal proceedings (B-03-059) and the civil proceedings (B-03-090). If specific requirements of local law are met, the interests of attorneys who obtain judgments or settlements for their clients have priority over federal tax liens. 26 U.S.C. § 6323(b)(8). *See Hussain*, 311 F.3d at 628 n.2.

An attorney may have a lien for reasonable compensation for obtaining a judgment or procuring a settlement, if under local law, the attorney holds a lien upon or a contract enforceable against the judgment or settlement amount.  26 U.S.C. § 6323(b)(8).  The purpose of the statute is to provide an incentive to attorney's to increase the taxpayer's property and thus, increase the funds available to the IRS.  *Hussain v. Boston Old Colony Ins.*, 311 F.3d 623, 644 (5th Cir. 2002).  However, *Hussain* is distinguishable from the present facts because Louisiana law grants a special privilege to attorneys for "the amount of their professional fees on all judgments obtained by them."  *Id.* at 640.  Thus, in *Hussain*, local law established an attorney's lien;  the presence of such a lien is a prerequisite for the application of the superpriority under section 6323(b)(8).

Under Texas law, as discussed above, in the absence of possession of the client's property or a contract providing for an attorney's lien, an attorney does not have a lien for attorney's fees.  Salazar did not possess the monies at any time during or after the settlement.  Additionally, in the present case, there is no evidence of a contract between attorney and client specifying a lien against a judgment or settlement amount for fees.

Cases cited in Defendant's Brief on 26 U.S.C Section 6323(b)(8) [Dkt. No. 236] are distinguishable because they rely on state law in other states to establish the existence of an attorney's lien.  Illinois state law provides for an attorney's lien under some specific circumstances not met by attorney Steven Mottaz.  *United States v. McGaughey*, 1999 WL 282780 *3 (S.D. Ill. 1999).  Under New York law, an attorney's lien is enforceable against the client's recovery in the underlying lawsuit.  *Rosenman & Colin v. Richard*, 850 F.2d 57, 61 (2nd Cir. 1988).  *See also United States v. Ripa*, 323 F.3d 73, 80-81 (2nd Cir. 2003).  In a case that clearly states the requirement under section 6323(b)(8) that local law recognizes an attorney's lien, Florida law provides for an attorney's lien.  *Reed & Steven v. HIP Health Plan of Florida*, 81 F. Supp. 2d 1335, 1339 (S.D. Fla. 1999).  The sole case from a court located in Texas concerning Texas law discusses the priority of a federal tax lien against a state tax lien and does not

address attorney's liens in Texas at all.  *Western Nat'l Bank v. United States*, 812 F. Supp. 703, 705 (W.D. Tex. 1993).

A state statute plays a role in the sole case establishing an argument for the rare application of an equitable lien based on unjust enrichment against a federal tax lien. *United States v. Kamieniecki*, 261 F. Supp. 683, 690 (D. N.H. 1966).  In *Kamieniecki*, the state of New Hampshire enacted an attorney's lien statute between the time of the representation by the attorney and the consideration of the case by the district court. *Id.*  The court considered this sequence of events in determining that an equitable attorney's lien should be established in favor of the attorney who represented a client all the way through an appeal in the New Hampshire Supreme Court without receiving any compensation for legal services.  *Id.*

Finally, the only case cited by Defendant not addressing a statutory attorney's lien is one in which a lien was established by contract following a settlement agreement in which an attorney and his client were awarded a portion of the interpleader funds and agreed to split their portion.  *General Star Indemnity Co v. Hubbard Bowling Lanes, Inc.* 2003 WL 22048740 *1 (N.D. Ill. 2003).

Salazar does not meet the criteria under 26 U.S.C. § 6223(b)(8) as an attorney who, under local law, holds a lien upon the judgment or amount.  Salazar presented an affidavit as Defendant's Supplemental Evidence on Defendant's Motion for Summary Judgment detailing fees charged for specific tasks and the number of hours spent on these specific tasks towards the procurement of the settlement between Rosales and Betancourt in this case [Dkt. No. 227].  While this affidavit serves to outline the potential amount of reasonable attorney's fees in this case, neither Defendant's Motion for Summary Judgment nor the supplemental filing with the affidavit provide evidence of "a contract enforceable against such judgment or amount" as required in Section 6223(b)(8).  Therefore, viewing the evidence before it in the light most favorable to the Defendant, the Court concludes that Salazar does not possess a valid attorney's lien under local law.

### **Priority of Federal Tax Liens**

"Absent provision to the contrary, priority for purposes of federal law is governed by the common law principle that 'the first in time is first in right.'" *United States v. McDermott*, 113 S. Ct. 1526, 1528 (1993). Certain interests including attorney's liens are protected by a "superpriority" over the tax lien even when the notice of a federal tax lien has been filed. *Centex-Landis Construction Co. v. United States*, 2000 WL 1039475 (E.D. La. 2000).

Under the present facts, a federal tax lien arose against Betancourt's property or right to property on May 12, 2005 in the amount of $1,769,944.55. In the event that Salazar held a valid lien for attorney's fees, the Court would assess the relative priority of the federal tax lien and an attorney's lien. However, under the present facts, Salazar has not established the existence of an attorney's lien. Therefore, the Court need not reach the issue of priority. The Court **ORDERS** the federal tax lien be partially satisfied with the $150,000 in the Court's registry.

### **Conclusion**

There are no genuine issues of material fact concerning the priority and the amount of the tax lien, and therefore, the United States (Internal Revenue Service) is entitled to summary judgment as a matter of law. The Court **GRANTS** United States of America's (Internal Revenue Service) Motion for Summary Judgment [Dkt. No. 222] and **DENIES** Defendant's Motion for Summary Judgment [Dkt. No. 223]. The Court **ORDERS** that the funds in the amount of $150,000 be paid to the IRS in partial satisfaction of the federal tax lien on Betancourt's property.

DONE at Brownsville, Texas, this 8th day of December 2005.

Hilda G. Tagle
United States District Judge